Charles E. Merrill, Esq. - State Bar No. 87861
Jeffrey B. Cereghino, Esq. - State Bar No. 099480
Martin L. Greenman, Esq. - State Bar No. 189904
MERRILL, NOMURA & MOLINEUX LLP
350 Rose Street
Danville, California 94526
Telephone: (925) 833-1000
Facsimile: (925) 833-1001

David M. Birka-White, Esq. - State Bar No. 085721
Stephen Oroza, Esq. - State Bar No. 08461
THE BIRKA-WHITE LAW OFFICES
744 Montgomery Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 616-9999
Facsimile: (415) 616-9494

(Additional Counsel Listed Below)

Attorneys for Plaintiff
LARRY WARD, on behalf of himself and
all others similarly situated

FILED
2008 NOV 20 PM 3:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IPEX, INC., a foreign corporation of Canada; IPEX USA, LLC, a Delaware corporation; IPEX COMPANY, a Colorado corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | NO.: CV-08-6370-VBF<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION:<br><br>1) VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (*Cal. Civil Code §§ 1750 et seq.*)<br><br>2) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (*Cal. Bus. &Prof. Code §§ 17200 et. seq.*) (Unlawful Business Practice)<br><br>3) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION PRACTICE LAW (*Cal. Bus. &Prof. Code §§ 17200, et seq.*) (Unfair Business Practice); and<br><br>4) BREACH OF IMPLIED WARRANTY |

BY FAX

First Amended Class Action Complaint    CV-08-6370-VBF

Plaintiff LARRY WARD on behalf of himself and all others similarly situated alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this case under 28 U.S.C. 1332(d)(2) in that: (1) this action is a class action with more than one hundred (100) class members; (2) defendant IPEX, INC. ("IPEX") is a foreign corporation, based in Toronto, Canada; defendant IPEX USA, LLC ("IPEX USA") is a citizen of the State of Delaware; and defendant IPEX COMPANY ("IPEX Co.") is a citizen of the State of Colorado (all collectively referred to herein as "IPEX" unless specifically referenced); (3) Plaintiff and all members of the Class are citizens of the State of California; and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## VENUE

2. Venue of this case in this Court is proper: (1) pursuant to 28 U.S.C. 1391(a)(1) in that defendants IPEX do sufficient business in this District to subject them to personal jurisdiction herein; and (2) pursuant to 28 U.S.C. 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT VENUE

3. Venue in this Division of the Central District is proper in that a substantial part of the events or omissions which give rise to the claim occurred in Orange, Los Angeles, San Luis Obispo, San Bernardino, Ventura, Riverside, and Santa Barbara counties.

## PARTIES

4. Plaintiff LARRY WARD is a California resident and owns a home located at 24786 San Andreas Lane in Mission Viejo, California.

5. Plaintiff, as Class Representative, seeks to represent a Class of persons (the "Class") defined as follows:

> All individuals in the State of California who own homes or other structures where Kitec plumbing is installed, or who paid to replace Kitec plumbing products due to Product performance from January 1, 2000 to the present. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in

which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

Consumer Legal Remedies Act (CRLA) Sub-Class:

All individuals in the State of California who purchased, for personal, family or household use, Kitec Plumbing Products, or homes in which Kitec Plumbing Products were installed, or who paid to replace Kitec Plumbing Products from January 1, 2000 to the present.

6. Defendant IPEX, INC. is a foreign corporation based in Canada and with its principal place of business in Toronto, Canada. Plaintiff is informed and believes that IPEX, INC. was doing business within the United States, and more specifically within the State of California. Also on information and belief, Plaintiff alleges that IPEX, INC. was responsible for, or otherwise involved in, the development, manufacture, marketing, sales, distribution and warranting of the Kitec Pipe Fittings and Pipe (referred to herein as the "Product").

7. Defendant IPEX USA, LLC ("IPEX USA") is a Delaware corporation. incorporated in Delaware, with its principal place of business in Pineville, North Carolina. Plaintiff alleges IPEX USA is a subsidiary of IPEX, INC. On information and belief, Plaintiff alleges that IPEX USA was doing business within the United States, and more specifically within the State of California. Also on information and belief, Plaintiff alleges that IPEX USA was responsible for, or otherwise involved in, the development, manufacture, marketing, sales, distribution and warranting of the Product.

8. Defendant IPEX COMPANY ("IPEX CO.") is a Colorado corporation incorporated in Colorado, with its principal place of business in Pineville, North Carolina. On information and belief, Plaintiff alleges IPEX CO. is a subsidiary of IPEX, INC. Also on information and belief, Plaintiff alleges that IPEX CO. was doing business within the United States, and more specifically within the State of California. Also on information and belief, Plaintiff alleges that IPEX CO. was responsible for, or otherwise involved in, the development,

manufacture, marketing, sales, distribution and warranting of the Product.

9. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, ("Doe Defendants") and therefore sues these Defendants by fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these fictitiously-named Defendants when they are ascertained. Each of the fictitiously-named Defendants is responsible for the conduct alleged in this complaint and Plaintiff's damages were actually and proximately caused by the conduct of the fictitiously named Defendants.

10. Plaintiff is informed and believes and on that basis alleges that each of these Doe Defendants was the agent, joint venturer and/or employee of Defendants and/or the Doe Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of the agency, joint venture and employment with the advance knowledge, acquiescence or subsequent ratification of Defendants and each and every other Doe Defendant.

## GENERAL ALLEGATIONS

11. Plaintiff LARRY WARD is a California resident and owns a home located at 24786 San Andreas Lane in Mission Viejo, California. In or around 2001, Ward replaced existing "cold copper" pipes with the Product. In or around March of 2007, in the process of remodeling his home following discovery of a leak, Plaintiff discovered the Product had corroded and failed. Plaintiff placed Defendants on notice of the Product problems via a Consumers Legal Remedies Act notice (Cal. Civil Code § 1782), attached as Exhibit A hereto.

12. The Kitec Product is comprised of plastic and metal piping materials (including pipes and pipe fittings) which Plaintiff is informed and believes was designed, manufactured, marketed and distributed by Defendants IPEX, INC., IPEX USA, LLC and IPEX COMPANY. Commencing in or around 1998, Defendants began manufacturing and selling the Product to thousands of consumers throughout the western United States, including California. The

Product was and is marketed and sold for use in homes and other structures.

13. Defendants concealed from and/or failed to disclose to Plaintiff and the Class the defective nature of the Product.

14. Plaintiff is informed and believes that Defendants used a variety of methods to communicate their representations to the general public. These representations were published on the IPEX website, in brochures available to the public via downloading from the Internet, at trade, building and home shows typically open to the general public, and at building product retailers. Defendants communicated a common and repeated theme regarding the Kitec Product:

- It is really like copper, only better;

- Home buyers understand the benefits of Kitec, a quiet dependable plumbing system that stands up to the needs of the most active family, year after year;

- It is virtually maintenance free because it doesn't rust or corrode;

- In today's competitive market consumers have high expectations. They want quality and good value for their money;

- Kitec combines the strength of metal with the longevity of plastic. It is an extremely quiet system and virtually maintenance free;

- It is the best of both worlds and comes with a 30-year warranty.

15. Defendants continued to advertise and sell the Product for use in buildings and homes, omitting to disclose to Plaintiff and the Class, and their agents, material facts concerning the Product, including but not limited to that the Product was defectively designed and formulated, was susceptible to corrosion, would otherwise not perform as represented, was not a "maintenance free system" and would fail before its warranted life. As Defendants stated in their advertising, "consumers have high expectations," and if Defendants had disclosed the true facts about the Product, those facts would have been material to the consumer. The Product did not perform in accordance with the reasonable expectations of Plaintiff and the

5

Class that it was durable and suitable for use as a plumbing system in their homes and other structures.

16. Defendants expressly warranted and advertised that the Product would be free of damage resulting from defects in material and workmanship for at least 30 years.

17. These representations and warranties are not true. Defendants knew that their Product did not conform to these representations. Defendants omitted to disclose material facts regarding the product's performance and longevity,

18. The composition of the Product virtually guarantees that it will corrode when exposed to water, in a process known as "dezincification," (wherein zinc is removed from the alloy, leaving a porous copper-rich structure with little mechanical strength) well in advance of the warranted 30-year useful life. This failure will be common in the Product, regardless of when, where or how it was installed. There are no class member or third party actions that could cause or contribute to the "dezincification" of the Product. The Product was used in its intended manner, installed in structures throughout the State of California.

19. As a result of Defendants' misconduct, Plaintiff and the Class have suffered actual damages in that the piping systems in their homes and other structures have prematurely failed and will continue to do so, causing continuous and progressive damage to their property, and requiring them to expend thousands of dollars to repair or replace the pipes prior to the expiration of the "useful life" of the Product as represented by Defendants. Because of the relatively small size of the typical damages, and the modest resources of most homeowners and of the individual members of the Class, it is unlikely that most Class Members could afford to seek recovery against Defendants on their own. A class action is therefore the only viable, economical and rational means for members of the Class to recover from Defendants for the damages they have caused.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Rule 23(b)(2) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the Class. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements as set forth in Rule 23 (a) and Rule 23 (b) (3). The Class is defined as follows:

> All individuals in the State of California who own homes or other structures where Kitec plumbing is installed, or who paid to replace Kitec plumbing products due to Product performance from January 1, 2000 to the present. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

Consumer Legal Remedies Act (CRLA) Sub-Class:

> All individuals in the State of California who purchased, for personal, family or household use, Kitec Plumbing Products, or homes in which Kitec Plumbing Products were installed, or who paid to replace Kitec Plumbing Products from January 1, 2000 to the present.

Claims for personal injury are specifically excluded from the Class.

21. <u>Numerosity: (Rule 23 (a) (1))</u>: Although the actual size of the Class is uncertain, Plaintiff is informed and believes the Class is comprised of many thousands of building owners throughout California, making joinder impractical. The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

22. <u>Communality: (Rule 23 (a) (2))</u>. There exist questions of law and fact common to all members of the Class. Common questions include but are not limited to the following:

> a. Whether the Product is subject to dezincification and premature failure well in advance of its represented thirty-year useful life, and is not suitable for use as a long-term plumbing product;

b.  Whether Defendants knew or should have known of the defective nature of the Product;

c.  Whether Defendants failed to disclose to Plaintiff and the Class the true defective nature of the Product;

d.  Whether Defendants' failure to disclose material facts violated Business and Professions Code Section 17200 as a fraudulent business practice;

e.  Whether Defendants had a duty to Plaintiff and the Class to disclose the true nature of the Product;

f.  Whether the facts not disclosed by Defendants to Plaintiff and the Class are material facts;

g.  Whether Defendants knew or should have known that the Product would prematurely fail, is not suitable for use in a plumbing system, and otherwise is not as represented by Defendants;

h.  Whether Defendants violated California's Consumer Legal Remedies Act (California Civil Code §§1750 et seq.), when they concealed or failed to disclose either through their advertising, warranties and other express representations, the true nature of the Product, and represented, through their advertising, warranties and other express representations that the Product had characteristics that it did not actually have;

i.  Whether, in doing the acts alleged herein, Defendants engaged in unfair competition and in an unfair business practice or practices within the meaning of California Business and Professions Code §17200;

j.  Whether such acts or practices were illegal, unfair, or fraudulent within the meaning of California Business and Professions Code §17200;

k.  Whether Plaintiff and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively;

l.  Whether Defendants should be declared financially responsible for notifying all Class Members of the defective Product and for the costs and expenses of repair and replacement of all such piping materials and providing restitution of monies paid and inadequate value given; and

m.  Whether Defendants should be ordered to disgorge, for the benefit of the Class, all or part of their ill-gotten profits received from the sale of defective Product and/or to make full restitution to Plaintiff and the Class Members.

        n.      Whether Defendants should be enjoined from continuing marketing the Product utilizing misleading misrepresentations and omission of material fact.

23.    <u>Typicality: (Rule 23 (a)(3))</u>    The claim of the representative Plaintiff is typical of the claims of the Class, in that the representative Plaintiff, like all Class Members, owns a structure in which the defective Kitec Product was installed and failed prematurely. The representative Plaintiff, like all Class Members, has suffered a common injury: Defendants' misconduct created a common injury in that Plaintiff will incur the cost of repairing and/or replacing the defective Product in his home, and repairing any resultant consequential damage to the structural and building components. The factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of deliberate misconduct resulting in injury to all Class Members.

24.    <u>Adequacy: (Rule 23 (a)(4))</u>  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective products, failure to disclose material information regarding product performance, consumer protections statutes, and other matters involving building products. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class.

25.    <u>Predominance of Common Questions: (Rule 23 (b)(3))</u>  Common questions, of both law and fact, are predominant over any questions involving individualized analysis. Those common questions include the following: (1) All of the Class members have the identical plumbing system components in their structures; (2) The performance of the Product relative to the represented qualities; (3) The Defendants' knowledge regarding Product performance and the uniform omission to the Class of these material facts; (4) The common determination that

Defendants' conduct constitute a violation of California substantive consumer protection statutes and; (5) A common and equitable class-wide determination of damages and remedies. Fundamentally there are no material questions of fact or law that are not common to the Class.

26. <u>Superiority: (Rule 23 (b)(3))</u> Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the subject controversy. Because of the relatively small size of the individual Class Members' claims, most Class Members likely would find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at law. Thus, absent a class action, Class Members will continue to incur damages and Defendants' misconduct will proceed without remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. There is no impediment to the management of this action because of the virtual identity of the common questions of law and fact to all Class members.

27. <u>Injunctive Relief: (Rule 23(b)(2)</u> The Defendants engaged and continue to engage in business practices which are unfair, unlawful and/or fraudulent in violation of California's Unfair Competition Law (Business & Professions Code sections 17200 <u>et seq.</u>) and the False Advertising Law (Business & Professions Code sections 17500 <u>et seq.</u>) by, among other things, advertising and representing that the Product has characteristics and benefits, such as a maintenance free system or longevity, that are not accurate.

28. Plaintiffs seek class-wide injunctive relief, pursuant to Rule 23 (B)(2), in that Defendants have acted, by continuing to advertise the Product, and omitting to disclose material facts regarding the Product, on grounds consistent with the standards articulated in Rule 23

(B)(2) that make final injunctive relief an appropriate class-wide remedy.

## FIRST CAUSE OF ACTION
### (Violation of Consumers Legal Remedies Act)

29. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 of this First Amended Complaint.

30. Defendants and the Doe Defendants are "persons" as defined by California Civil Code §1761(c).

31. Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of California Civil Code §1770(a)(5) and (a)(7) when they represented, through their advertising and other express representations, that the Product had benefits or characteristics that it did not actually have. Defendants further violated the Consumers Legal Remedies Act when they falsely represented that the Product was of a particular standard or quality. Finally, Defendants violated the Consumers Legal Remedies Act when they advertised their Product with the intent not to sell it as advertised.

32. Defendants' deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase the Product. Defendants engaged in marketing efforts as detailed in the general allegations, to reach Class Members, their agents, and/or third parties upon whom they relied, to persuade them to purchase and install the Product manufactured by Defendants, or to purchase homes and other structures in which the defective Product manufactured by Defendants had been installed.

33. To this day, Defendants continue to engage in unlawful practices in violation of California Consumer's Legal Remedies Act. Defendants continue to conceal the defective nature of the Product, and have omitted to disclose upon inquiry from Class members the Product's defective propensities.

34. Plaintiff served Defendants with notice of their violation of the Consumers Legal Remedies Act by serving notice on their General Counsel by certified mail to their corporate offices, on May 16, 2008. A copy of this notice is attached hereto as Exhibit A.

WHEREFORE, Plaintiff on behalf of himself and for all others similarly situated, demands that a permanent injunction be issued against Defendants to refrain from continued Product advertising that omits material facts about Product performance, injunctive relief forcing Defendants to replace and repair all Product for Class Members, consequential damages for Class Members who have replaced or will replace the Product, plus costs and attorneys' fees pursuant to California Civil Code §1780(d).

## SECOND CAUSE OF ACTION
### (Violation of Unfair Competition Law)

35. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 34 of this First Amended Complaint.

36. California Business and Professions Code §17200 prohibits acts of unfair competition, which includes " unlawful" business practices.

37. Defendants engaged in " unlawful" business practices in that they represented, through their advertising, warranties and other express representations, that the Product had characteristics it did not actually have. Defendants violated §17200 when they falsely represented the Product was of a particular standard or quality, including the representations that the Product was "really like copper, only better," is "a great dependable plumbing system", "is virtually maintenance free because it does not rust or corrode," "combines the strength of metal with the longevity of plastic," "is an extremely quiet system and virtually maintenance free," and "had a thirty-year useful life." Defendants further violated the Unfair Competition Law when they unlawfully tested, designed, manufactured, formulated, sold and introduced in the stream of

commerce for purchase by Plaintiff, the Class and the general public, the defective Product.

38. Defendants deceptive practices constitute an "unlawful" business practice in that the practices were specifically designed to induce Plaintiff and the Class, and their agents or third parties upon whom Plaintiff and the Class relied to provide appropriate plumbing products, to purchase and install the Product, recommend the use of the Product, or to purchase homes and other structures in which the Product has been installed.

39. To this day, Defendants have engaged and continue to engage in "unlawful" business practices by concealing the defective nature of the Product, and have knowingly misrepresented to Class Members that the Product possess qualities and characteristics it does not have.

40. As a direct and proximate cause of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual damages in that they own homes and other structures in which defective Product is or was installed. The Product will prematurely fail due to corrosion and dezincification, which will require (or has already required) Plaintiff and the Class to incur costs to prematurely repair and/or replace their plumbing systems.

41. As a proximate result of their unlawful, unfair or fraudulent practices, Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§17203 and 17204 of the California Business & Professions Code.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendants, and each of them, for restitution and/or disgorgement of funds paid to Defendants by Plaintiff and the Class to purchase the Product, or the value of the Product in their home or structure, or in the form of repair and/or replacement of the defective Product in the Class Members' homes and other structures.

///

## THIRD CAUSE OF ACTION
### (Unfair Business Practice)

42.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-41 of this First Amended Complaint.

43.  Defendants engaged in an "unfair" business practice by failing to disclose material facts concerning the Product, and representing, through advertising, warranties and other representations, that the Product had particular qualities, including that the Product was "really like copper or better," "is a quiet dependable plumbing system," "is virtually maintenance free because it doesn't rust or corrode," "combines the strength of metal with the longevity of plastic," and "is an extremely quiet system and virtually maintenance free", all qualities that were inconsistent with Defendant's knowledge of Product performance.

44.  Defendants' "unfair" practices were designed to induce Plaintiff and the Class, or their agents, and/or third parties upon whom Plaintiff and the Class relied to provide appropriate plumbing products, to purchase and install the Product, recommend the use of the Product, or to purchase homes and other structures on which the Product has been installed.

45.  To this day, Defendants have failed to disclose facts concerning the Product performance, facts that would be and are material to the consumer or those third parties, such as plumbers and general contractors, upon whom the consumer relies.

46.  As a direct and proximate cause of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual damages in that they own homes and other structures in which defective Product is or was installed. The Product will prematurely fail due to corrosion and dezincification, which will require (or has already required) Plaintiff and the Class to incur costs to prematurely repair and/or replace their plumbing systems.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

47.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 46 of this First Amended Complaint.

48.  At the time the Product was sold to Plaintiff and the Class, Defendants impliedly warranted to Plaintiff and the Class that: 1) the Product was fit for use as a plumbing system in the homes and other structures; 2) the Product was better than traditional copper plumbing systems; and 3) the Product had a minimum useful life of thirty years.

49.  The foregoing warranties were intended and made for the benefit of Plaintiff and the Class.

50.  Defendants have breached these warranties in that: 1) the Product was not fit for use as a plumbing system in homes and other structures; 2) the Product as designed, manufactured, advertised and sold was not superior to traditional copper piping systems; and 3) the Product did not have a useful life of thirty years.

51.  As a direct and proximate result of the failures of the Product despite the above implied warranties, Plaintiff and the Class have suffered actual and consequential damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that the Court enter judgment against Defendants, and each of them, and in favor of Plaintiff, and to award the following relief:

1.  Certification of the proposed Class;

2.  A declaration that Defendants are financially responsible for notifying all Class

Members;

3. Injunctive relief requiring Defendants to replace and/or repair all Kitec product installed in structures owned by the Class;

4. A declaration that Defendants must disgorge, for the benefit of the Class, all or part of their ill-gotten profits received from the sale of defective Product, and/or to make full restitution to Plaintiff and the Class Members;

5. An award of costs and attorneys' fees, as allowed by law, and/or from a common fund created hereby; and

6. Such other or further relief as may be appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Date: November 17, 2008         MERRILL NOMURA & MOLINEUX LLP

By: _____
Jeffrey B. Cereghino
Attorneys for Plaintiff

Larry Ward, on behalf of himself
and all others similarly situated

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Michael Francis Ram, Esq.
**LEVY RAM & OLSON, LLP**
639 Front Street, 4th Floor
San Francisco, CA 94111-1913
Telephone: 415-433-4949
Facsimile: 415-433-7311

Marc H. Edelson
**EDELSON & ASSOCIATES, LLC**
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Dan Rottinghaus, Esq.
**BERDING & WEIL**
3240 Stone Valley Road West
Alamo, CA 94507
Telephone: 925-838-2090
Facsimile: 925-820-5592

F:\Ward, Larry - Kitec\Pleadings\First Amended Complaint.wpd

# EXHIBIT A

# BERDING | WEIL

Berding & Weil LLP
3240 Stone Valley Road West
Alamo, California 94507

May 16, 2008

tel 925 838 2090
fax 925 820 5592

berding-weil.com

**VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED**

IPEX, INC.
C/o The Corporation Company
1675 Broadway, Suite 1200
Denver, CO 80202

IPEX USA, LLC
C/o The Corporation Company
1675 Broadway, Suite 1200
Denver, CO 80202

## NOTICE

Re:   *Kitec Pipes and Pipe Fittings*

Dear General Counsel:

Pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, *et. seq.*, and specifically § 1782(a)(1)(2), Plaintiff, Larry Ward, 24786 San Andreas Lane, Mission Viejo, California 92691, on behalf of himself and all others similarly situated in the State of California hereby notifies you that IPEX, Inc., IPEX USA, LLC, and IPEX Company, (collectively as "IPEX") have violated California Civil Code § 1770 by advertising and selling Kitec Pipe Fittings and Pipes products which they knew to be defective and not in conformance with their representations to Plaintiff and thousands of California consumers. This conduct constitutes the following violations of § 1770:

1.   IPEX represented that the Product, Kitec Pipe Fittings and Pipes, had benefits or characteristics that they did not actually have.

2.   IPEX represented, that Kitec Pipe Fittings and Pipes were of a particular standard or quality when they were of another.

Specifically IPEX has represented in marketing materials that its products will resist scaling, are unaffected by water chemistry, will not pit or corrode, will not negatively impact home water quality or restrict water flow, are suitable for use in residential plumbing systems, and are maintenance free for the life of the warranty, thirty years.

# BERDING | WEIL

General Counsel
May 16, 2008
Page 2

---

These representations and warranties are not true. IPEX knew and had known for many years that its product does not conform to these representations. In fact, the composition of the Pipe Fittings virtually guarantees they will deteriorate, and fail well in advance of the warranted 30-year useful life.

We believe that the interaction between the metallic compounds in the Pipe Fittings and the water supply causes degradation in the zinc components, ultimately leading to corrosion and leakage.

Mr. Ward recently became aware that the Kitec Pipe Fittings installed in his home, were showing signs of significant corrosion, and that water flow was reduced in showers and faucets. Further investigation revealed wide-spread corrosion in the Pipe Fittings, such that replacement of Pipe Fittings well before expiration of their warranted life was necessary.

Therefore Plaintiff, on behalf of himself and all others similarly situated in the State of California, hereby demands that IPEX: (1) pay all costs required to investigate, repair or replace Kitec Pipes and Pipe Fittings installed since January 1, 2000 on the properties of California residents and Pipe Fittings has been installed at any time since January 1, 2000; (2) provide notice to California consumers of the product performance issues stated in this letter and of their right to present a claim; and (3) advise California consumers in future advertising of the risks associated with installing the Kitec Pipes and Pipe Fittings in their structures.

If you have any questions regarding this notice and demand, please contact counsel at 925-838-2090.

Very truly yours,

BERDING & WEIL LLP

Jeffrey B. Cereghino
jcereghino@berding-weil.com

**BIRKA-WHITE LAW OFFICES**
David M. Birka-White, Esq.
744 Montgomery Street, Fourth Floor
San Francisco, California 94111-3339

**LEVY RAM & OLSON, LLP**
Michael Francis Ram, Esq.
639 Front Street, 4th Floor
San Francisco, CA 94111-1913