KEVIN S. ROSEN, SBN 133304
MATTHEW A. HOFFMAN, SBN 227351
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
KRosen@gibsondunn.com
MHoffman@gibsondunn.com

RICHARD L. JOSEPHSON (*Pro Hac Vice Application Pending*)
RUSSELL LEWIS (*Pro Hac Vice Application Pending*)
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
Richard.Josephson@bakerbotts.com
Russell.Lewis@bakerbotts.com

Attorneys for Defendants
IPEX INC. AND IPEX USA LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARD, on behalf of himself all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IPEX, INC., a foreign corporation of Canada; IPEX USA, LLC, a Delaware corporation; IPEX COMPANY, a Colorado corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 08-6370-VBF(Ex)<br><br>**Class Action**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b), OR IN THE ALTERNATIVE, TO STRIKE THE COMPLAINT PURSUANT TO FED. R. CIV. P 12(f)**<br><br>[Notice of Motion and Motion to Dismiss; Notice of Motion and Motion to Strike; Proposed Orders filed concurrently]<br><br>Hearing Date:  February 9, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom:  9 |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ..........................1

II. BRIEF SUMMARY OF ALLEGED FACTS AND PARTIES ...............................2

III. LEGAL STANDARDS GOVERNING THIS MOTION ........................................4

IV. DISCUSSION ......................................................................................5

    A.    Plaintiff Has Failed To State A Claim Under The CLRA Or UCL ..........5

    B.    Plaintiff's Claim For Breach Of Implied Warranty Fails Because He Does Not Allege Privity With The Ipex Defendants ..........................8

    C.    Alternatively, Plaintiff's Claims Should Be Dismissed For Failure To Plead With The Requisite Degree Of Particularity Facts Supporting Their Conclusory Allegations ...............................................9

        1.    Because Plaintiff Has Alleged That The Ipex Defendants Engaged In A Unified Course Of Fraudulent Conduct, Each Of His Claims Is Subject To The Heightened Pleading Standard Of Rule 9(b) .....................................................................9

        2.    Plaintiff's CLRA And UCL Claims Individually Allege Fraud And Are Thus Subject To The 9(b) Pleading Standard .....11

            a.    Plaintiff's CLRA Claim Alleges Fraud And Hence Is Subject To Rule 9(b) Particularity ......................................11

            b.    Plaintiff's UCL Claims Allege Fraud And Hence Are Subject To Rule 9(b) Particularity ......................................12

        3.    Plaintiff's Cursory And Conclusory Allegations Fall Far Short Of Satisfying The Heightened Pleading Standard Of Rule 9(b) .....................................................................13

    D.    In The Alternative, The Court Should Strike The Prayers For Injunctive Relief, Restitution, And Disgorgement, Which Are Unavailable To Plaintiff As A Matter Of Law ........................................14

        1.    Plaintiff's Request For Injunctive Relief Is Improper .................14

        2.    Controlling Case Law Precludes Restitution On The Facts Pleaded ..............................................................................16

        3.    Controlling Case Law Precludes Any Claim For Nonrestitutionary Disgorgement ...................................................17

V. CONCLUSION .....................................................................................18

i

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

## Cases

*All West Elecs., Inc. v. M-B-W, Inc.,*
64 Cal. App. 4th 717, 75 Cal. Rptr. 2d 509 (1998)..................................8

*Anunziato v. eMachines, Inc.,*
402 F. Supp. 2d 1133 (C.D. Cal. 2005).................................................8

*Bell Atl. Corp. v. Twombly,*
127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...........................................4

*Bly-Magee v. Cal.,*
236 F.3d 1014 (9th Cir. 2001)...........................................................14

*Buckland v. Threshold Enterprises, Ltd.,*
155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2007)..............................11

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996)................................................................4

*Cairns v. Franklin Mint Co.,*
24 F. Supp. 2d 1013 (C.D. Cal. 1998)..................................................5

*Caro v. Procter & Gamble Co.,*
18 Cal. App. 4th 644, 22 Cal. Rptr. 2d 419 (1993)................................5

*Chandler v. Chiron Corp.,*
No. 96-1047, 1997 U.S. Dist. LEXIS 11251 (N.D. Cal. July 28, 1997)..................8

*Cobarrubias v. Allstate Ins. Co.,*
No. 98-4136, 1998 WL 656571 (C.D. Cal. July 10, 1998)...........................14

*Cruz v. United States,*
219 F. Supp. 2d 1027 (N.D. Cal. 2002)...............................................15

*Faigman v. Cingular Wireless, LLC,*
No. 06-4622, 2007 U.S. Dist. LEXIS 14908 (N.D. Cal. March 2, 2007).........11, 13

*Fantasy, Inc. v. Fogerty,*
984 F.2d 1524 (9th Cir. 1993) ............................................................4

*Feitelberg v. Credit Suisse First Boston, LLC,*
134 Cal. App. 4th, 997, 36 Cal. Rptr. 3d 592 (2005)..............................16

*Fogerty v. Fantasy, Inc.,*
510 U.S. 517, 114 S.Ct. 1023 (1994) ...................................................5

*Geer v. Cox,*
242 F. Supp. 2d 1009 (D. Kan. 2003) ..................................................5

*Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,*
129 Cal. App. 4th 1228, 29 Cal. Rptr. 3d 521 (2005)..............................6

*In re Stac Elecs. Sec. Litig.,*
89 F.3d 1399 (9th Cir. 1996).........................................................2, 14

*In re Yahoo Litig.,*
No. 06-2737, 2008 U.S. Dist. LEXIS 33999 (C.D. Cal. Apr. 21, 2008) .................6

*Ironworkers Local Union No. 68 v. Amgen, Inc.,*
No. 07-5157, 2008 U.S. Dist. LEXIS 8740 (C.D. Cal. Jan. 22, 2008) ....................6

ii

Gibson, Dunn &
Crutcher LLP

*Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*,
    146 F.3d 691 (9th Cir. 1998) ...................................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134, 63 P.3d 937 (2003) .............................................................16, 17

*Lazar v. Super. Ct.*,
    12 Cal. 4th 631, 909 P.2d 981 (1996) .................................................................9

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992).......................................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..............................................................................................5

*Madrid v. Perot Sys. Corp.*,
    130 Cal. App. 4th 440, 30 Cal. Rptr. 3d, 210 (2005)...............................16, 17, 18

*Mass. Mut. Life Ins. Co. v. Super. Ct.*,
    97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190 (2002)...........................................5

*Meinhold v. Sprint Spectrum, L.P.*,
    No. 07-456, 2007 U.S. Dist. LEXIS 35806 (E.D. Cal. March 16, 2007) .........10, 12

*Muehlbauer v. Gen. Motors Corp.*,
    431 F. Supp. 2d 847 (N.D. Ill. 2006).....................................................................11

*Nachom v. Morgan Stanley & Co., et al.*,
    No. 02-299, 2002 U.S. Dist. LEXIS 27766 (C.D. Cal. Oct. 9, 2002)....................13

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006)..................................................................5

*Parrish v. Nat'l Football League Players Ass'n*,
    534 F. Supp. 2d 1081 (N.D. Cal. 2007)................................................................12

*State Farm Fire & Casualty Co. v. Super. Ct.*,
    45 Cal. App. 4th 1093, 53 Cal. Rptr. 2d 229 (1996).............................................15

*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007).....................................................................7

*United Food & Commercial Workers Cent. Penn. and Reg'l Health &
    Welfare Fund v. Amgen, Inc.*,
    No. 07-3623, 2007 U.S. Dist. LEXIS 85148 (C.D. Cal. Nov. 13, 2007)................6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)...........................................................9, 11, 13, 14

*Wang & Wang, LLP v. Banco Do Brasil, S.A.*,
    No. 06-761, 2007 U.S. Dist. LEXIS 25813 (E.D. Cal. March 26, 2007) ..............13

*Webb v. Smart Document Solutions, LLC*,
    499 F.3d 1078 (9th Cir. 2007).................................................................................7

*Weinstein v. Saturn Corp.*,
    No. 07-348, 2007 U.S. Dist. LEXIS 37321 (N.D. Cal. May 8, 2007)....................11

*Westside Sane/Freeze v. Ernest W. Hahn, Inc.*,
    224 Cal. App. 3d 546, 274 Cal. Rptr. 51 (1990)..................................................15

*Wilens v. TD Waterhouse Group, Inc.*,
    120 Cal. App. 4th 746, 15 Cal. Rptr. 3d 271 (2003)..............................................6

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

## Statutes

Cal. Bus. & Prof. Code § 17200 ...................................................................7

Cal. Bus. & Prof. Code § 17203 ..........................................................18, 20

Cal. Bus. & Prof. Code § 17204 ............................................................6, 22

Cal. Bus. & Prof. Code § 17208 ................................................................22

Cal. Bus. & Prof. Code § 17535 ................................................................20

Cal. Civ. Code § 1780..............................................................................6, 18

Cal. Civ. Code § 1783.....................................................................................22

Fed. R. Civ. P. 12(f) ...................................................................................5

Fed. R. Civ. P. 9(b) .....................................................................................15

## Other Authorities

5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 706-07
(1990)...........................................................................................................6

6 Witkin, Cal. Civ. Proc., Provisional Remedies, § 388, at 334 (5th ed.
2008)............................................................................................................18

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S  MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

In his First Amended Complaint ("FAC"), Plaintiff alleges in conclusory fashion that Defendants Ipex Inc. and Ipex USA LLC (collectively, the "Ipex Defendants") misrepresented their pipe and pipe fittings to the general public. But Plaintiff fails to provide specific facts necessary to state such a consumer fraud claim. Plaintiff's FAC contains no information whatsoever concerning whether Plaintiff or the putative class he purports to represent purchased any pipe or pipe fittings directly from the Ipex Defendants, whether Plaintiff or the putative class actually read or relied on any of the Ipex Defendants' advertisements before purchasing any pipe or pipe fittings, or why the putative class is entitled to eight years of damages and restitution.

Plaintiff's FAC must be dismissed for three independent reasons. First, Plaintiff fails to state a claim for alleged violations of California's Consumer Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"), as Plaintiff has failed to allege any causation. Both the CLRA and UCL only protect plaintiffs who have suffered harm directly "as a result of" a defendant's alleged unlawful or unfair practices, and here, Plaintiff nowhere alleges that he purchased the Ipex Defendants' pipe or pipe fittings as a result of their advertisements.

Second, Plaintiff's cause of action for breach of implied warranty fails to state a claim upon which relief can be granted because Plaintiff nowhere alleges that he was in privity with the Ipex Defendants. Indeed, Plaintiff fails to allege from whom he purchased his property or pipe and pipe fittings in 2001.

Third, the FAC should be dismissed because Plaintiff has not pleaded his claims with sufficient particularity. Because the FAC alleges a unified course of fraudulent conduct, Plaintiff must adhere to the heightened pleading standard of Rule 9(b). Rule 9(b) requires that allegations of fraud be pleaded with sufficient particularity. Such particularity is mandatory in order to give defendants fair notice of the particular misconduct alleged so that they can adequately defend against the charge and "'to

1

prohibit plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted). Here, Plaintiff has failed to state — among other material facts — when the alleged misrepresentations appeared and whether Plaintiff or the putative class actually relied on the alleged misrepresentations. Lacking such critical information, the Ipex Defendants cannot be fairly expected to defend themselves against Plaintiff's amorphous accusations.

Accordingly, all of Plaintiffs' claims should be dismissed for failure to state a claim and lack of sufficient particularity.

Alternatively, because the FAC is replete requests for relief that are unavailable as a matter of law, this Court should strike numerous portions of the FAC pursuant to Federal Rule of Civil Procedure 12(f). The FAC seeks restitution, disgorgement, and injunctive relief. Each of these remedies is unavailable to Plaintiff as a matter of law based on the facts pleaded, and this Court should strike them from the FAC.

## II.

### BRIEF SUMMARY OF ALLEGED FACTS AND PARTIES

Plaintiff alleges as follows: In or around 2001, he replaced existing "cold copper" pipes with the "Product" manufactured by the Ipex Defendants. FAC, ¶ 11. Plaintiff defines the term "Product" in his complaint as "Kitec Pipe Fittings and Pipe." *Id.* at ¶ 6. In or around March 2007, in the process of remodeling his home, Plaintiff allegedly discovered the Product had corroded and failed. *Id.* at ¶ 11.

Plaintiff asserts that the Ipex Defendants misrepresented the Product in various forms of advertising, and concealed from and/or failed to disclose to Plaintiff and the putative class the defective nature of the Product. *Id.* at ¶¶ 13-15. When advertising the Product – through their website, brochures, at trade, building, and home shows, and to building product retailers – the Ipex Defendants allegedly communicated the following common and repeated themes:

1. "It is really like copper, only better";

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

2.  "Home buyers understand the benefits of Kitec, a quiet dependable plumbing system that stands up to the needs of the most active family, year after year";

3.  "It is virtually maintenance free because it doesn't rust or corrode";

4.  "In today's competitive market consumers have high expectations. They want quality and good value for their money";

5.  "Kitec combines the strength of metal with the longevity of plastic. It is an extremely quiet system and virtually maintenance free"; and

6.  "It is the best of both worlds and comes with a 30-year warranty."

*Id.* at ¶ 14.

Plaintiff further states that the Ipex Defendants expressly warranted and advertised that the Product would be free of damage resulting from defects in material and workmanship for at least 30 years, and that these representations and warranties were not true. *Id.* at ¶¶ 16-17. Nowhere in the FAC does Plaintiff allege that he or any member of the putative class actually read or relied on any of the Ipex Defendants' representations or warranties in purchasing the product. Instead, Plaintiff claims that the Ipex Defendants' marketing efforts were deceptive and "specifically designed to induce Plaintiff and members of the Class to purchase the Product." *Id.* at ¶ 32. *See also id.* at ¶¶ 38, 44. Plaintiff alleges that the Ipex Defendants' actions violate California state law, i.e., the CLRA and UCL, were unfair business practices, and breach an implied warranty. *Id.* at ¶¶ 29-51.

Plaintiff purports to bring four claims against the Ipex Defendants on behalf of himself and the Class: (1) a breach of the CLRA (California Civil Code section 1750, *et seq.*); (2) a violation of the UCL (California Business and Professions Code section 17200 *et. seq.*); (3) a violation of the common law prohibition against unfair business practices; and (4) a breach of the implied warranty. As relief for these claims, Plaintiff demands a permanent injunction be issued against the Ipex Defendants to refrain from continued product advertising that "omits material facts about Product performance," as well as injunctive relief forcing the Ipex Defendants to replace and repair all

Gibson, Dunn &
Crutcher LLP

1  Product for the putative Class. *Id.* at ¶ 34; Prayer ¶ 3. Plaintiff further seeks

2  restitution and/or disgorgement of the Ipex Defendants' alleged "ill-gotten profits,"

3  and consequential and actual damages. *Id.* at ¶¶ 34, 41, 51; Prayer ¶ 4.

4       Plaintiff seeks to represent a Class defined as "[a]ll individuals in the State of

5  California who own homes or other structures where Kitec plumbing is installed, or

6  who paid to replace Kitec plumbing products due to Product performance from

7  January 1, 2000 to the present." *Id.* at ¶ 5. Plaintiff further seeks to define a CLRA

8  Sub-Class as "[a]ll individuals in the State of California who purchased, for personal,

9  family or household use, Kitec Plumbing Products, or homes in which Kitec Plumbing

10  Products were installed, or who paid to replace Kitec Plumbing Products from January

11  1, 2000 to the present." *Id.*

12                    **III.**

13          **LEGAL STANDARDS GOVERNING THIS MOTION**

14       Rule 12(b)(6) dismissal is proper if the Complaint does not contain "enough

15  facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

16  127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While "[a]ll allegations of material

17  fact are taken as true and construed in the light most favorable to the nonmoving

18  party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), "a

19  plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

20  more than labels and conclusions, and a formulaic recitation of the elements of a cause

21  of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). In short,

22  the "[f]actual allegations must be enough to raise a right to relief above the speculative

23  level." *Id.* (citations omitted).

24       A Rule 12(f) motion to strike is appropriate where the complaint contains

25  redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The

26  Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the

27  expenditure of time and money that must arise from litigating spurious issues by

28  dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

                                    4

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994) (quotations, citation omitted).  Put differently, the purpose of a 12(f) motion is to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (quotations and citations omitted).

When it is evident that particular allegations are irrelevant such that they have no possible bearing on the litigation, a court should strike those allegations. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (cited in *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)).  More specifically, "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). "[I]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

## IV.

## DISCUSSION

### A.    Plaintiff Has Failed To State A Claim Under The CLRA Or UCL

It is well-established that an "irreducible constitutional minimum" for standing to assert any claim is "injury in fact" that is fairly traceable to the challenged conduct of the defendant. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  In accordance with this constitutional requirement, both the CLRA and UCL only protect plaintiffs who have suffered harm "as a result of" a defendant's unlawful or unfair practices. Cal. Civ. Code § 1780; Cal. Bus. & Prof. Code § 17204.  A plaintiff in a CLRA action must show not only that a defendant's conduct was deceptive, but that *the deception caused them harm. Mass. Mut. Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282, 1292, 119 Cal. Rptr. 2d 190, 197 (2002) (citing *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 667-68, 22 Cal. Rptr. 2d 419, 433 (1993)) (emphasis added); *see also Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1097-98 (N.D.

5

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

Cal. 2006) (dismissing plaintiff's CLRA claim because plaintiff failed to plead sufficient facts to show how misleading statements in defendant's advertisements resulted in plaintiff enrolling in defendant's services); *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754, 15 Cal. Rptr. 3d 271, 276 (2003) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof") (citation omitted).

Likewise, to state a claim under the UCL, a plaintiff must have suffered an injury in fact and lost money or property as a result of the alleged unfair competition.[1] *See Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1261, 29 Cal. Rptr. 3d 521, 547 (2005) ("Proposition 64 amended Business and Professions Code section 17204 to state an unfair competition cause of action may be prosecuted 'by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.'"). Courts have interpreted the UCL, as amended by Proposition 64, to require a showing of causation. *See In re Yahoo Litig.*, No. 06-2737, 2008 U.S. Dist. LEXIS 33999, at *49 (C.D. Cal. Apr. 21, 2008) (holding that post-Proposition 64 UCL requires causation); *Ironworkers Local Union No. 68 v. Amgen, Inc.*, No. 07-5157, 2008 U.S. Dist. LEXIS 8740, at *17 (C.D. Cal. Jan. 22, 2008) ("[T]he language of the UCL, as amended by Proposition 64, makes clear that a showing of causation is required as to each representative plaintiff."); *United Food & Commercial Workers Cent. Penn. and Reg'l Health & Welfare Fund v. Amgen, Inc.*, No. 07-3623, 2007 U.S. Dist. LEXIS 85148, at *16 (C.D. Cal. Nov. 13, 2007) ("Thus, the language of the UCL, as amended by Proposition 64, makes clear that a showing of causation is required as to each representative plaintiff.").

---

[1] It is unclear from Plaintiff's FAC whether Plaintiff's third cause of action for unfair business practices is based on the UCL or California common law. If it is the latter, California common law does not recognize a cause of action for unfair business practices, which is one of the reasons the California legislature enacted the UCL. *See* Cal. Bus. & Prof. Code § 17200 Practice Guide, 2-A (2008).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

Moreover, if Plaintiff's "unlawful" claim under § 17200 in fact rests on his CLRA claim, the former claim is grounded in fraud to the same extent as the latter claim, and thus the 17200 claim rises and falls with the predicate CLRA claim.[2] *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1088 (9th Cir. 2007) ("[B]ecause Plaintiffs have not sufficiently alleged a HIPAA [Health Insurance Portability and Accountability Act] violation, they have not stated a claim under Section 17200, and dismissal under Rule 12(b)(6) was appropriate."); *Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*, 146 F.3d 691, 695 (9th Cir. 1998), *amended*, 164 F.3d 1243 (9th Cir. 1999) (upholding summary judgment for defendant in action for antitrust violations and unfair competition when UCL claim necessarily depended on the underlying, insufficiently pled allegations of predatory pricing). As a result, if Plaintiff's predicate CLRA claim is dismissed, his UCL claims should be dismissed as well.

Plaintiff does not allege in the FAC that he or anyone in the putative class actually read or relied on any of the Ipex Defendants' alleged representations or warranties in purchasing the Product, or even that any of the alleged misrepresentations were made before their purchase of the Product. Indeed, the only paragraph in Plaintiff's FAC that comes close to alleging any sort of causation is the wholly conclusory and legally impermissible statement that "[a]s a result of Defendants' misconduct, Plaintiff and the Class have suffered actual damages . . . ." FAC, ¶ 19. However, such a conclusory statement need not be assumed to be true. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (granting defendant's motion to dismiss where plaintiffs failed to allege that they read any of the alleged misrepresentations before purchase or even that any of the misrepresentations were made before plaintiffs' purchases, but instead merely concluded that "'[a]s a

---

[2] As discussed below, it is far from clear on what Plaintiff relies for his "unlawful" claim under the UCL as he fails to plead any predicate basis for this claim.

7

Gibson, Dunn & Crutcher LLP

1    result of defendant's unfair and deceptive practices, [p]laintiffs and the [c]lass

2    members purchased satellite phones . . . .'").

3         Further, even if the allegation is presumed to be true, Plaintiff's use of the term

4    "misconduct" is impermissibly vague and ambiguous because the "misconduct"

5    appears to be referencing the sale of a defective product, not the alleged misleading

6    advertising.  Thus, because Plaintiff provides no facts demonstrating that any putative

7    class member suffered any harm "as a result of" the Ipex Defendants' alleged

8    misleading advertising, Plaintiff has failed to state either a CLRA or UCL claim.

9  **B.    Plaintiff's Claim For Breach Of Implied Warranty Fails Because He Does**

10        **Not Allege Privity With The Ipex Defendants**

11        In *Chandler v. Chiron Corp.*, No. 96-1047, 1997 U.S. Dist. LEXIS 11251 (N.D.

12   Cal. July 28, 1997), the court stated that "vertical privity is a prerequisite in California

13   for recovery on a breach of implied warranty theory."  *Id.* at *20; *see also All West*

14   *Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725, 75 Cal. Rptr. 2d 509, 514

15   (1998) ("Privity of contract is a prerequisite in California for recovery on a theory of

16   breach of implied warranties of fitness and merchantability.").  Moreover, "'there is no

17   privity between the original seller and a subsequent purchaser who is in no way a

18   party to the original sale.'"  *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141

19   (C.D. Cal. 2005) (citation omitted); *M-B-W*, 64 Cal. App. 4th at 725 (citations

20   omitted).  Here, Plaintiff does not allege that he purchased Kitec plumbing from the

21   Ipex Defendants.  Indeed, Plaintiff fails to allege from whom he purchased his

22   property or the Product in 2001.  Because Plaintiff has not alleged any privity with the

23   Ipex Defendants, Plaintiff's cause of action for breach of implied warranty fails to

24   state a claim upon which relief can be granted.

25

26

27

28

Gibson, Dunn &
Crutcher LLP

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

**C.    Alternatively, Plaintiff's Claims Should Be Dismissed For Failure To Plead With The Requisite Degree Of Particularity Facts Supporting Their Conclusory Allegations**

**1.    Because Plaintiff Has Alleged That The Ipex Defendants Engaged In A Unified Course Of Fraudulent Conduct, Each Of His Claims Is Subject To The Heightened Pleading Standard Of Rule 9(b)**

Each of Plaintiff's causes of action is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because Plaintiff has alleged a unified course of fraudulent conduct.  Plaintiff cannot escape the heightened-pleading requirements of Rule 9(b) simply because he has chosen as the vehicle for his fraud allegations statutes for which fraud is not an essential element.  Rather, Plaintiff avers fraud by making conclusory allegations that necessarily constitute fraud — even though he has largely avoided using the magic word "fraud." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-1105 (9th Cir. 2003) (holding that even where fraud is not a necessary element, a claim alleging that a defendant has engaged in fraudulent conduct and that such conduct forms the basis for the claim is 'grounded in fraud' or 'sound[s] in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)) (internal quotations and citations omitted).

Plaintiff plainly alleges (in conclusory fashion) that the Ipex Defendants engaged in a unified course of fraudulent conduct.  Under California law, fraud consists of the following elements:  1) a false representation; 2) knowledge of falsity; 3) intent to defraud; 4) justifiable reliance; and 5) damages.  *Lazar v. Super. Ct.,* 12 Cal. 4th 631, 638, 909 P.2d 981, 984-85 (1996).  Read as a whole, Plaintiff's FAC alleges that the Ipex Defendants engaged in conduct meeting all of these elements.  Examples of Plaintiff's statements that amount to a conclusory allegation of fraudulent conduct include the following:

- Defendants "concealed" the defective nature of the Product (FAC, ¶ 13);

9

- Defendants' "representations and warranties are <u>not true</u>. Defendants <u>knew</u> that their Product did not conform to these representations." (*Id.* at ¶ 17);

- Defendants engaged in "<u>misconduct</u>" that caused Plaintiff and the Class to have "suffered actual <u>damages</u>" (*Id.* at ¶ 19);[3]

- Defendants' "<u>deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase the Product</u>" (*Id.* at ¶ 32);

- Defendants "continue to engage in"unlawful" [sic] business practices by concealing the defective nature of the Product, and have <u>knowingly misrepresented</u> to Class Members that the Product possess [sic] qualities and characteristics it does not have" (*Id.* at ¶ 39).

(all emphases added).

In a recent similar case, the Eastern District of California held that where a plaintiff's complaint uniformly alleged false and misleading statements by defendant through its advertising and marketing, these allegations "necessarily imply fraud by defendant," even where the complaint did not use the word "fraud." *Meinhold v. Sprint Spectrum, L.P.*, No. 07-456, 2007 U.S. Dist. LEXIS 35806, *17-18 (E.D. Cal. March 16, 2007) ("the factual basis for all of plaintiffs' claims arise[s] out of a uniform course of alleged fraudulent conduct").

In choosing to allege this unified conduct of fraud, Plaintiff has obligated himself to satisfy the heightened-pleading requirements of Rule 9(b) with respect to all of his claims. By its own terms, the FAC is a cohesive document wherein all of the allegations purport to apply throughout the document. For instance, each cause of action explicitly rests on the allegations of deception and misconduct set forth in the "General Allegations" section of the FAC. *See, e.g.,* FAC ¶¶ 29, 35, 42, 47.

---

[3] As noted above, although Plaintiff conclusory alleges justifiable reliance, *i.e.*, that the putative class suffered damages "as a result of Defendants' misconduct," he has not provided a single fact to support such an allegation.

10

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

1  Accordingly, the averments of fraud scattered throughout Plaintiff's FAC allege a

2  "unified course of fraudulent conduct." *Vess*, 317 F.3d at 1103.

3      **2.    Plaintiff's CLRA And UCL Claims Individually Allege Fraud And**

4          **Are Thus Subject To The 9(b) Pleading Standard**

5      Even if Plaintiff's FAC did not allege a unified course of fraudulent conduct

6  (which it does), Plaintiff's CLRA and UCL causes of action are individually subject to

7  the requirements of Rule 9(b) because each "contains an explicit or implicit, though

8  conclusory, reference to fraud." *Faigman v. Cingular Wireless, LLC*, No. 06-4622,

9  2007 U.S. Dist. LEXIS 14908, *10 (N.D. Cal. March 2, 2007).

10      **a.    Plaintiff's CLRA Claim Alleges Fraud And Hence Is Subject**

11          **To Rule 9(b) Particularity**

12      Although the CLRA does not by its own terms require proof of fraud and its

13  resulting pleading particularity obligations, when a plaintiff elects to allege elements

14  of fraud in a CLRA claim, that claim is subject to the Rule 9(b) pleading standard.

15  *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 864 (N.D. Ill. 2006) ("when a

16  plaintiff specifically alleges fraud, nothing in the CLRA excuses her from alleging and

17  eventually proving the elements of fraud"); *see also Weinstein v. Saturn Corp.*, No.

18  07-348, 2007 U.S. Dist. LEXIS 37321 (N.D. Cal. May 8, 2007) (dismissing plaintiffs'

19  CLRA causes of action under §§ 1770(a)(5) and 1770(a)(9) for failure to comply with

20  Rule 9(b)).

21      Moreover, "plaintiffs asserting CLRA claims sounding in fraud must establish

22  that they *actually relied* on the relevant representations or omissions." *Buckland v.*

23  *Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 810, 66 Cal. Rptr. 3d 543, 551

24  (2007) (sustaining cosmetic manufacturer's demurrer because plaintiff failed to allege

25  she was deceived by or relied on the representations on the cosmetic label) (emphasis

26  added).  And such reliance must be alleged with particularity.

27      According to the allegations set forth in support of Plaintiffs' CLRA claim, the

28  Ipex Defendants have "<u>falsely represented</u>" their product "<u>with the intent not to sell it</u>

11

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

as advertised." FAC, ¶ 31 (emphases added).  This cause of action further alleges that the Ipex Defendants' "deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase the Product." *Id.* at ¶ 32 (emphases added).  Because Plaintiff's CLRA claim "sounds in fraud," Rule 9(b) applies.

> **b.    Plaintiff's UCL Claims Allege Fraud And Hence Are Subject To Rule 9(b) Particularity**

As with Plaintiff's CLRA claim, his UCL claims pursuant to Section 17200 of the California Business and Professions Code are subject to the strictures of Rule 9(b) because they are grounded in fraud.  *Meinhold*, 2007 U.S. Dist. LEXIS 35806, at *18 (E.D. Cal. May 16, 2007) (holding that 17200 claims that are "grounded in fraud" must meet Rule 9(b)'s heightened pleading standard).

Among the indications that Plaintiff's UCL claims are grounded in fraud include the allegations that the Ipex Defendants engaged in "deceptive practices . . . specifically designed to induce Plaintiff and the Class . . . to purchase and install the Product . . . or to purchase homes and other structures in which the Product had been installed" and that the Ipex Defendants have "knowingly misrepresented to Class Members that the Product possess [sic] qualities and characteristics it does not have." FAC, ¶¶ 38-39.  *See Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1093-94 (N.D. Cal. 2007) (claims under the "unlawful" and "fraudulent" prongs of Section 17200 alleging that defendants' misrepresentations "deceived" the public sounded in fraud); *Meinhold*, 2007 U.S. Dist. LEXIS 35806, at *17-18 (E.D. Cal. May 16, 2007) (holding that the allegations that the defendants "knew or should have known" that their advertising and marketing representations were untrue or misleading "necessarily imply fraud by defendant" and thus found the claim to sound in fraud).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

Finally, if Plaintiff's "unlawful" claim under § 17200 in fact rests on his CLRA claim, the former claim is grounded in fraud to the same extent as the latter claim.[4] Where a § 17200 claim rests on an alleged violation of law pleaded separately, the § 17200 claim rises and falls with the predicate claim. *Nachom v. Morgan Stanley & Co., et al.*, No. 02-299, 2002 U.S. Dist. LEXIS 27766, at *7-8 (C.D. Cal. Oct. 9, 2002) ("to the extent Plaintiff's claim under § 17200 rests on [a claim that is inadequately pled pursuant to Rule 9(b)], it too must fail."). As a result, because Plaintiff's predicate CLRA claim fails pursuant to Rule 9(b), so too do his UCL claims that rely on that predicate.

### 3.    Plaintiff's Cursory And Conclusory Allegations Fall Far Short Of Satisfying The Heightened Pleading Standard Of Rule 9(b)

Where a claim alleges fraud or mistake, Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A California state-law claim brought in federal court and alleging fraud must satisfy the heightened pleading requirements of Rule 9(b). *Vess*, 317 F.3d at 1103-1105; *Wang & Wang, LLP v. Banco Do Brasil, S.A.*, No. 06-761, 2007 U.S. Dist. LEXIS 25813, at *4 (E.D. Cal. March 26, 2007). Such allegations of fraud must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Faigman*, 2007 U.S. Dist. LEXIS 14908, at *12 (N.D. Cal. March 2, 2007) (quoting *Vess*, 317 F.3d at 1106 (internal quotations omitted)). This particularity requirement requires "*more than the neutral facts necessary to identify the transaction.*" *Vess*, at 1106. Specifically, "[a]verments of fraud must be accompanied by 'the *who*, *what*,

---

[4] Plaintiff fails to plead any predicate basis for his "unlawful" claim under the UCL, and for this additional reason, the Court should strike Plaintiff's "unlawful" claim.

13

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

1    *when*, *where*, and *how*' of the misconduct charged...." *Id.* at 1106 (emphases

2    added).[5]

3        Plaintiff does not allege *from whom, where,* or *when* he or any purported Class

4    member purchased the Product. Nor has he adequately pleaded *what* alleged

5    misrepresentations he or any purported Class member actually relied on in purchasing

6    the Product, or *when, where* and *how* they relied on such representations. The lack of

7    any particularity whatsoever, let alone the enhanced level required by Rule 9(b),

8    provides an additional basis for dismissal of all of Plaintiff's claims. *See Vess*, 317

9    F.3d at 1105.

10   **D.    In The Alternative, The Court Should Strike The Prayers For Injunctive**

11         **Relief, Restitution, And Disgorgement, Which Are Unavailable To Plaintiff**

12         **As A Matter Of Law**

13       **1.    Plaintiff's Request For Injunctive Relief Is Improper**

14       Plaintiff purports to seek two different forms of injunctive relief. FAC ¶ 34,

15   Prayer ¶ 3. Specifically, Plaintiff seeks (1) a permanent injunction ordering the Ipex

16   Defendants "to refrain from continued product advertising that omits material facts

17   about product performance," and (2) "injunctive relief forcing Defendants to replace

18   and repair all Product for Class Members." *Id.*

19       Plaintiff's request to enjoin the Ipex Defendants from "continued product

20   advertising that omits material facts" should be stricken because "it does not set forth

21   the conduct to be enjoined with sufficient clarity." *Cobarrubias v. Allstate Ins. Co.*,

22   No. 98-4136, 1998 WL 656571, at *2 (C.D. Cal. July 10, 1998) (granting defendant's

23

24   [5] Rule 9(b) entitles the Ipex Defendants to notice of "the specific fraudulent conduct against which [it] must defend." *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir.

25   2001). The particularity requirement serves three important purposes implicated here: "[1] to give defendants adequate notice to allow them to defend against the

26   charge and to deter the filing of complaints 'as a pretext for the discovery of unknown wrongs,' [2] to protect professionals from the harm that comes from

27   being subject to fraud charges, and [3] to 'prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic

28   costs absent some factual basis.'" *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1405.

Gibson, Dunn &
Crutcher LLP

1  motion to strike claim for injunctive relief under section 17200 for failure to specify

2  the injunctive relief sought with particularity).  "An injunction that forbids an act in

3  terms so vague that people of common intelligence must guess at its meaning is

4  beyond the court's power."  6 Witkin, Cal. Civ. Proc., Provisional Remedies, § 388, at

5  334 (5th ed. 2008) (citations omitted).

6      Based on the allegations in Plaintiff's FAC, the extent of "product advertising"

7  Plaintiff seeks to enjoin is unclear.  If Plaintiff only seeks to enjoin the advertising of

8  "Product" as defined in the FAC—*i.e.*, Kitec pipe and pipe fittings—such a request is

9  moot as the Ipex Defendants have discontinued this product line.  But Plaintiff does

10  not define the scope of "product advertising" or describe the conduct he seeks to

11  enjoin in any detail or clarity, making the prayer for injunctive relief impermissibly

12  vague.  The problem is all the more acute where, as here, the vagueness of the

13  requested injunction causes it to implicate protected commercial speech.  *See Westside*

14  *Sane/Freeze v. Ernest W. Hahn, Inc.*, 224 Cal. App. 3d 546, 558, 274 Cal. Rptr. 51, 59

15  (1990) (injunction barring the "speaking of non-commercial ideas, or any other form

16  of protected political expression" was impermissibly vague).

17      Plaintiff's request for an injunction ordering the Ipex Defendants "to replace

18  and repair all Product for Class Members" should also be stricken because none of

19  Plaintiff's claims permit such relief.  That is because, notwithstanding certain rhetoric

20  in the FAC, this is not a product defect case.  It is, instead, a consumer fraud action.

21  The requested injunction does not address the harm alleged in the complaint, *i.e.*,

22  misleading advertisements.

23      The only injunctive relief that the CLRA permits a plaintiff to obtain is "[a]n

24  order enjoining the methods, acts, or practices."  Cal. Civ. Code § 1780.  Likewise, the

25  UCL authorizes injunctive relief only to prevent future unfair, unlawful, or fraudulent

26  business acts or practices.  Cal. Bus. & Prof. Code § 17203; *Cruz v. United States*, 219

27  F. Supp. 2d 1027, 1043 (N.D. Cal. 2002); *State Farm Fire & Casualty Co. v. Super.*

28

Gibson, Dunn &
Crutcher LLP

15

*Ct.*, 45 Cal. App. 4th 1093, 1102, 53 Cal. Rptr. 2d 229, 233 (1996).  For these reasons, this Court should strike Plaintiff's request for injunctive relief.

### 2.    Controlling Case Law Precludes Restitution On The Facts Pleaded

Plaintiff has not stated, and cannot state, a cause of action for monetary relief under the UCL as a matter of law.  Plaintiff seeks to recover "restitution . . . of funds paid to Defendants by Plaintiff and the Class to purchase the Product" for the alleged violations of the UCL (FAC ¶ 41), without ever alleging any facts that they paid the Ipex Defendants any funds as the result of any purported violations of the UCL.  The decision of the California Supreme Court in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149, 63 P.3d 937, 947 (2003) ("*Korea Supply*"), and its progeny (*see, e.g., Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455, 30 Cal. Rptr. 3d, 210, 221 (2005); *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th, 997, 1013, 36 Cal. Rptr. 3d 592, 602-03 (2005)), clearly establish that the monetary relief Plaintiff seeks is prohibited by the language of the UCL.

"[R]estitution" is not available where there is no money to be "restored."  Indeed, the UCL provides that monetary relief is limited to orders "necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."  Cal. Bus. & Prof. Code § 17203.  As the Court explained in *Korea Supply*, "restitution" under the UCL thus is limited to an objectively measurable award that returns to the plaintiff money wrongfully taken from him *by the defendant* by means of an unfair business practice.  *Korea Supply*, 29 Cal. 4th at 1152 (emphasis added).

In order to obtain monetary relief under the express language of the statute and *Korea Supply*, a plaintiff must plead and prove, at the very least, that (1) an identifiable sum of money or property (2) is in the possession of the defendant that (3) was acquired from the plaintiff (4) *by means of* (5) acts of unfair competition.  *See* Cal. Bus. & Prof. Code §§ 17203, 17535; *Korea Supply*, 29 Cal. 4th at 1146 (emphasis added).  Here, Plaintiff does not allege any facts that the Ipex Defendants obtained an

16

1  identifiable sum of money or property directly from Plaintiff or the putative class,
2  much less that the Ipex Defendants obtained this money or property in connection
3  with any purported false or misleading statements in their advertising. Because
4  Plaintiff fails to state a proper claim for any monetary relief under the UCL, this Court
5  should strike his prayer for restitution.

6  **3.    Controlling Case Law Precludes Any Claim For Nonrestitutionary**
7  **Disgorgement**

8  Plaintiff purports to seek "a declaration that Defendants must disgorge, for the
9  benefit of the Class, all or part or their ill-gotten profits received from the sale of
10 defective Product" as a remedy for alleged violation of the UCL. FAC, Prayer ¶ 4.
11 This Court should strike that prayer because nonrestitutionary disgorgement is
12 unavailable under the UCL as a matter of law. *See Korea Supply*, 29 Cal. 4th at 1148;
13 *Madrid*, 130 Cal. App. 4th at 460.

14 Plaintiff's prayer requests that the Ipex Defendants disgorge *all or part* of their
15 profits to Plaintiff, regardless of whether the disgorgement of such profits goes
16 beyond the amount of money needed to "restore" to Plaintiff and the purported class
17 any money acquired from them through unfair practices. FAC, Prayer ¶ 4. Although
18 some cases discussing the UCL may have characterized some of the relief available as
19 "disgorgement," these cases were referring to the restitutionary form of disgorgement
20 (profits representing monies given to the defendant by plaintiff), and not to the
21 nonrestitutionary type sought here by Plaintiff (all of defendants' profits, including
22 those profits that do not represent monies given to the defendant by plaintiff). *Korea*
23 *Supply*, 29 Cal. 4th at 1148. A plaintiff under the UCL is only entitled to "recover
24 profits unfairly obtained to the extent that these profits represent monies given to the
25 defendant [by plaintiff] or benefits in which the plaintiff has an ownership interest."
26 *Id.* Indeed, the court in *Korea Supply* explicitly noted that the California Supreme
27 Court "has never approved of nonrestitutionary disgorgement of profits [as a remedy
28 under the UCL." *Id.* at 1148. Accordingly, Plaintiff's prayer for "disgorgement,"

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS IPEX INC. AND IPEX USA
LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE

which encompasses nonrestitutionary monies, is not a remedy available under the UCL, and this Court thus should strike his prayer. *See Madrid*, 130 Cal. App. 4th at 461.

## V.

## CONCLUSION

For the foregoing reasons, Plaintiff's FAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 9(b) for failure to state the circumstances fraud allegations with particularity. Alternatively, this Court should strike the prayers for remedies that are unavailable to Plaintiff as a matter of law.

DATED: January 16, 2009

GIBSON, DUNN & CRUTCHER LLP
Kevin S. Rosen
Matthew A. Hoffman

By: _Kevin S. Rosen_
      Kevin S. Rosen

Attorneys for Defendants
IPEX INC. and IPEX USA LLC

100572922_5.DOC

Gibson, Dunn & Crutcher LLP