KEVIN S. ROSEN, SBN 133304
MATTHEW A. HOFFMAN, SBN 227351
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
KRosen@gibsondunn.com
MHoffman@gibsondunn.com

RICHARD L. JOSEPHSON (*Pro Hac Vice Application Pending*)
RUSSELL LEWIS (*Pro Hac Vice Application Pending*)
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
Richard.Josephson@bakerbotts.com
Russell.Lewis@bakerbotts.com

Attorneys for Defendants
IPEX INC. AND IPEX USA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARD, on behalf of himself all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IPEX, INC., a foreign corporation of Canada; IPEX USA, LLC, a Delaware corporation; IPEX COMPANY, a Colorado corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 08-6370-VBF(Ex)<br><br>**Class Action**<br><br>**REPLY BRIEF BY DEFENDANTS IPEX INC. AND IPEX USA LLC IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b), OR IN THE ALTERNATIVE, TO STRIKE THE COMPLAINT PURSUANT TO FED. R. CIV. P 12(f)**<br><br>Hearing Date:   February 9, 2009<br>Hearing Time:   1:30 p.m.<br>Courtroom:      9 |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF INCORRECTLY STATES THE LEGAL STANDARD FOR THE MOTION ......................................................................................................1

III. PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED WARRANTY SHOULD BE DISMISSED ..................................................................................2

IV. PLAINTIFF'S CLRA AND UCL CLAIMS SHOULD BE DISMISSED ..........3

    A. Plaintiff's Fraud By Omission Claims Do Not Sufficiently Allege Causation ......................................................................................................3

    B. Plaintiff's Fraud By Omission Claims Lack Sufficient Particularity .......6

V. PLAINTIFF'S INJUNCTIVE RELIEF PRAYERS SHOULD BE STRICKEN ............................................................................................................8

    A. Plaintiff's Request For An Order Requiring The Ipex Defendants To Advise Its Customers Of Its Alleged Failure To Disclose Serves No Purpose ....................................................................................................8

    B. Plaintiff Provides No Legal Support For An Injunction Requiring Defendants To Repair And/Or Replace The Allegedly Defective Product .........................................................................................................9

VI. PLAINTIFF IS NOT ENTITLED TO RESTITUTION OR NONRESTITUTIONARY DISGORGEMENT ...............................................10

VII. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*All West Elecs. v. M-B-W, Inc.*,
  64 Cal. App. 4th 717, 75 Cal. Rptr. 2d 509 (1998)..................................................2

*Anunziato v. eMachines*,
  402 F. Supp. 2d 1133 (C.D. Cal. 2005).................................................................2

*Atkinson v. Elk Corp of Texas*,
  142 Cal. App. 4th 212, 48 Cal. Rptr. 3d 247 (2007)..............................................3

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).............................................................2

*Broughton v. Cigna Healthplans of California*,
  21 Cal. 4th 1066, 90 Cal. Rptr. 2d 334 (1999)......................................................10

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2007)...............................................5

*Burr v. Sherwin Williams Co.*,
  42 Cal. 2d 682, 268 P.2d 1041 (1954)....................................................................2

*Caro v. Proctor & Gamble Co.*,
  18 Cal. App. 4th 644, 22 Cal. Rptr. 2d 419 (1993).................................................4

*Chandler v. Chiron Corp.*,
  No. 96-1047, 1997 U.S. Dist. LEXIS 111251 (N.D. Cal. July 28, 1997)................2

*Conley v. Gibson*,
  78 S.Ct. 99, 2 L.Ed.2d 80 (1957).............................................................................1

*Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*,
  4 Cal. App. 4th 963, 6 Cal. Rptr. 2d 193 (1992)..................................................8, 9

*Dukes v. Wal-Mart*,
  509 F.3d 1168 (9th Cir. 2007)..................................................................................9

*Falk v. General Motors Corp.*,
  496 F. Supp. 2d 1088 (N.D. Cal. 2007)...............................................................7, 8

*Fletcher v. Security Pacific Nat'l Bank*,
  23 Cal. 3d 442, 153 Cal. Rptr 28 (1979)...............................................................10

*Friedman v. 24 Hour Fitness*,
  580 F. Supp. 2d 985 (N.D. Cal. 2008)...................................................................10

*Hartless v. Clorox Co.*,
  No. 06-2705, 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007)....................................3

*Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
  129 Cal. App. 4th 1228, 29 Cal. Rptr. 3d 521 (2005)............................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003).........................................10, 11, 12

*Madrid v. Perot Sys. Corp.*,
  130 Cal. App. 4th 440, 30 Cal. Rptr. 3d 210 (2008)............................................11

*Mass. Mut. Life Ins. Co. v. Superior Court*,
  97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190 (2002).......................................4, 5

*Meyer v. Sprint Spectrum L.P.*,
  No. S153846, slip op. at 6 (Cal. Jan. 29, 2009) ........................................................... 4

*Mirkin v. Wasserman*,
  5 Cal. 4th 1082, 23 Cal. Rptr. 2d 101 (1993) .............................................................. 6

*Nordberg v. Trilegiant Corp.*,
  445 F. Supp. 2d 1082 (N.D. Cal. 2006) ....................................................................... 5

*People v. Nat'l Ass'n of Realtors*,
  120 Cal. App. 3d 459, 174 Cal. Rptr. 728 (1981) ....................................................... 9

*Sanchez v. Wal-Mart Stores, Inc.*,
  Case No. CIV S-06-CV-2573 DFL KJM, 2007 WL 1345706 (E.D. Cal.
  May 8, 2007) ................................................................................................................ 6

*Shersher v. Superior Court*,
  154 Cal. App. 4th 1491, 65 Cal. Rptr. 3d 634 (2007) ............................................... 12

*Snyder v. Ford Motor Co.*, No. 06-0497, 2006 U.S. Dist. LEXIS 63646
  (N.D. Cal. Aug. 24, 2006) ............................................................................................ 7

*Stickrath v. Globalstar, Inc.*,
  527 F. Supp. 2d 992 (N.D. Cal. 2007) .................................................................... 5, 6

*Trew v. Am. Honda Motor Co.*,
  2007 WL 3054569 (C.D. Cal. June 22, 2007) ............................................................ 6

*Trew v. Volvo Cars of Am.*,
  No. 05-1379, 2006 U.S. Dist. LEXIS 4890 (E.D. Cal. Feb. 7, 2006) ...................... 11

*U.S. v. LSL Biotechnologies*,
  379 F.3d 672 (9th Cir. 2004) ....................................................................................... 1

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ..................................................................................... 7

*Wilens v. TD Waterhouse Group, Inc.*,
  120 Cal. App. 4th 746, 15 Cal. Rptr. 3d 271 (2003) .................................................. 4

**Statutes**

Cal. Bus. & Prof. Code § 17203 ......................................................................................... 10

Cal. Bus. & Prof. Code § 17204 ........................................................................................... 4

Cal. Bus. & Prof. Code § 17535 ......................................................................................... 10

Cal. Civ. Code §1780 ............................................................................................................ 4

Magnuson-Moss Warranty-Federal Trade Commission Improvement Act,
  15 U.S.C. § 2301 ........................................................................................................... 3

# I. INTRODUCTION

Plaintiff's Opposition is full of conclusory statements but has little legal or factual support. Plaintiff provides no facts regarding the circumstances surrounding his acquisition of the Kitec product, including from whom he purchased the product and whether he read or relied on the Ipex Defendants' advertisements in making his purchase; he also makes no allegation as to how and when the Ipex Defendants should have conveyed the allegedly concealed information. Without these particulars relating to causation and privity, the FAC is wholly deficient, and Plaintiffs' CLRA, UCL, and breach of implied warranty claims should be dismissed for failure to state a claim.

Plaintiff also provides no legal support for the novel injunctive relief, restitution, and nonrestitutionary disgorgement remedies that he seeks. First, Plaintiff makes no showing as to how an order requiring the Ipex Defendants to advise prior Kitec consumers of allegedly material omissions will prevent future deceptive advertising, and he cites no law supporting an affirmative injunction to repair and/or replace all Kitec product installed in structures owned by the putative class. Second, Plaintiff fails to allege any facts supporting a need for the Ipex Defendants to monetarily "restore" him, and does not cite a single case supporting his prayer for nonrestitutionary disgorgement of all of Defendants' Kitec profits related to the Kitec piping, regardless of whether such profits are related to payments by Plaintiff or the putative class. If Plaintiffs' claims are not dismissed outright, this Court should at least strike these impermissible remedies from the FAC.

# II. PLAINTIFF INCORRECTLY STATES THE LEGAL STANDARD FOR THE MOTION

Plaintiff quotes an overruled Ninth Circuit opinion, *U.S. v. LSL Biotechnologies*, 379 F.3d 672 (9th Cir. 2004), as providing the applicable standard or review. In that case, the Ninth Circuit followed *Conley v. Gibson*, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a case that was abrogated by the Supreme Court's recent holding in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

1

The correct legal standard for a Rule 12(b)(6) motion is the *Twombly* standard cited by the Ipex Defendants in its Motion. Dismissal is proper if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

## III. PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED WARRANTY SHOULD BE DISMISSED

Plaintiff's apparent strategy to avoid dismissal of his breach of implied warranty claim is to simply ignore the California and Ninth Circuit authorities cited by the Ipex Defendants, focus on dicta from a recent California case that was expressly limited to the facts of that case, and then divert this Court's attention by discussing a case (*Stickrath*) that has nothing to do with his implied warranty claim at all. Once the smoke and mirrors are cast aside, it becomes clear that Plaintiff's claim for breach of implied warranty should be dismissed.

California courts have repeatedly held that "vertical privity is a prerequisite in California for recovery on a breach of implied warranty theory." *Chandler v. Chiron Corp.*, No. 96-1047, 1997 U.S. Dist. LEXIS 111251, at *20 (N.D. Cal. July 28, 1997). *See also All West Elecs. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725, 75 Cal. Rptr. 2d 509 (1998). "[T]here is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Anunziato v. eMachines*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005) (quoting *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695, 268 P.2d 1041 (1954)); *M-B-W*, 64 Cal. App. 4th at 725 (citations omitted).

In his Opposition, Plaintiff silently concedes his failure to allege the purchase of Kitec plumbing from the Defendants. Instead, Plaintiff asserts that direct privity through purchase from the manufacturer is not required where the plaintiff instead relies on

express warrants in advertisements. In support of this proposition, Plaintiff erroneously cites to *Atkinson v. Elk Corp of Texas*, 142 Cal. App. 4th 212, 48 Cal. Rptr. 3d 247 (2007).

In *Atkinson*, the plaintiff brought claims for breach of express and implied warranties of merchantability under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301, et seq. Although the court did find that the situation before it was the "type of case . . . where the general rule that privity of contract is required should be relaxed," the court also relied specifically on the nature of the action, stating "[i]t would be inconsistent to recognize privity existing for breach of express quality warranties under Magnuson-Moss and to reach the opposite conclusion in the same transaction for breach of the implied warranty of merchantability." *Atkinson*, 142 Cal. App. 4th at 229. Accordingly, the court in *Atkinson* relied solely on the nature of the action and its recognition of privity in the express warranty under the Magnuson-Moss Act. Other courts have cautioned that the discussion in *Atkinson* was dicta because the court ultimately dismissed the implied warranty claim as time-barred. *Id.* at 232; *Hartless v. Clorox Co.*, No. 06-2705, 2007 WL 3245260, at *2 (S.D. Cal. Nov. 2, 2007) ("the [*Atkinson* court] merely indicated, in *dicta*, that the privity requirement might be relaxed if the dismissed implied warranty claim were brought alongside a related express warranty claim.").

In accordance with the California and Ninth Circuit authority holding that there is no privity between the original seller and a subsequent purchaser who is not party to the original sale—none of which is abrogated by *Atkinson's* dicta—Plaintiff's claim for breach of implied warranty should be dismissed because of his failure to allege privity with the Defendants.

## IV. PLAINTIFF'S CLRA AND UCL CLAIMS SHOULD BE DISMISSED

### A. Plaintiff's Fraud By Omission Claims Do Not Sufficiently Allege Causation

To state properly a claim under the CLRA and UCL, a plaintiff must allege that he or she was harmed *as a result of* the alleged improper conduct. *See* Cal. Civ. Code

3

§1780; Cal. Bus. & Prof. Code § 17204; *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754, 15 Cal. Rptr. 3d 271 (2003); *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1261, 29 Cal. Rptr. 3d 521 (2005). In fact, the California Supreme Court reaffirmed this fundamental principle just three days ago. *Meyer v. Sprint Spectrum L.P.*, No. S153846, slip op. at 6 (Cal. Jan. 29, 2009) ("The [CLRA] statute speaks plainly about the use of an unlawful practice causing or resulting in some sort of damage. Thus, the statue provides that in order to bring a CLRA action, not only must a consumer be exposed to an unlawful practice, but some kind of damage must result. If the Legislature had intended to equate "any damage" with being subject to an unlawful practice by itself, it presumably would have omitted the causal link between "any damage" and the unlawful practice. . . ."). Because Plaintiff's FAC fails to allege sufficient facts to establish this required element, his CLRA and UCL claims must be dismissed.

Rather than address this deficiency, Plaintiff side-steps it by making immaterial arguments regarding the evidentiary requirements for establishing causation by absent class members at trial. (Opp. at 4-5.) Plaintiff misapprehends the difference between the requirement to plead sufficient facts establishing causation at the pleading stage and whether a court can infer causation on behalf of absent class members at trial. The issue *sub judice* is whether Plaintiff has alleged sufficient facts, if proven true, would establish that Plaintiff was harmed *as a result of* Defendants' alleged omissions. Significantly, Plaintiff has not alleged a single fact regarding the circumstances of his purchase of the Kitec product, thereby failing to plead causation.

That a court may infer causation for absent class members does not relieve Plaintiff of his requirement to plead causation sufficiently in his FAC. Neither *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190 (2002), nor *Caro v. Proctor & Gamble Co.*, 18 Cal. App. 4th 644, 22 Cal. Rptr. 2d 419 (1993), which Defendants actually cited (Motion at 5), holds otherwise. While these cases discuss the ability of a court to infer causation and reliance on behalf of absent

4

class members at trial, they do not suggest the named plaintiff is relieved of his obligation to plead causation with particularity. Indeed, Plaintiff is essentially making the preposterous argument that *Mass. Mutual* and *Caro* eliminated causation from any CLRA or UCL claim.

Plaintiff's further contention that "causation in a CLRA class action based on omissions is alleged by pleading materiality of the omitted information" (Opp. at 4), likewise is not supported by *Mass. Mutual*. As noted above, *Mass. Mutual* simply found that the causation element for each absent class member can be inferred at trial when the omission is proved to be material. 97 Cal. App. 4th at 1292. But that does not change in any way the requirement that a named plaintiff must allege facts supporting that he or she suffered harm *as a result* of the alleged omission. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1097-98 (N.D. Cal. 2006) (dismissing a CLRA claim brought as a class action because the named plaintiff failed to plead sufficient facts to show how misleading statements in defendant's advertisements resulted in plaintiff enrolling in defendant's services); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 810, 66 Cal. Rptr. 3d 543 (2007) ("[P]laintiffs asserting CLRA claims sounding in fraud must establish that they *actually relied* on the relevant representations *or omissions*.") (emphasis added). Plaintiff does not allege in the FAC that he actually read or relied on any of Defendants' alleged representations or warranties such that had the alleged omitted information been disclosed, he would not have purchased Kitec pipe or pipe fittings. *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (dismissing UCL and CLRA claims for lack of standing because the plaintiff failed to allege, among other things, that the quality of the service was a substantial factor in plaintiffs decision to purchase the service).[1] This failure by the Plaintiff to allege facts that he suffered harm *as a result of* the alleged omissions is a fatal deficiency.

---

[1] Plaintiff's attempt to analogize its case to the cases cited in footnote 2 in *Stickrath* fails. (Opp. at 8.) The cases cited in *Stickrath* withstood motions to dismiss because they alleged that the alleged misrepresentations and omissions were "a substantial factor, if not controlling factor" in the purchase decision and that they would not have

[Footnote continued on next page]

5

Moreover, even assuming that allegations of materiality were sufficient to establish causation (which they are not), Plaintiff's FAC does not aver that Defendants' alleged omissions were material to Plaintiff's purchase of the Kitec product. An omission is material if, had the omitted fact been disclosed, one would have chosen to behave differently. *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093, 23 Cal. Rptr. 2d 101 (1993). Because Plaintiff does not allege the circumstances regarding his purchase of the Kitec product, there are no facts upon which, if proven true, establish that the alleged omission was material.

Indeed, rather that pleading the factual circumstances needed to establish materiality, Plaintiff relies on wholly conclusory and legally impermissible allegations. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (granting defendant's motion to dismiss where plaintiffs failed to allege that they read any of the alleged misrepresentations before purchase or even that any of the misrepresentations were made before plaintiffs' purchases, but instead merely concluded that "'[a]s a result of defendant's unfair and deceptive practices, [p]laintiffs and the [c]lass members purchased satellite phones . . . .'"). As in *Stickrath*, Plaintiff only alleges the conclusion that the omissions were material and that as a result of the alleged omission, he was injured. FAC, ¶¶ 17, 19, 32, 40. Because the FAC is devoid of any factual allegations to support causation, it must be dismissed.

**B.    Plaintiff's Fraud By Omission Claims Lack Sufficient Particularity**

Plaintiff does not dispute that Rule 9(b) requires him to plead his fraud claim with particularity. Nor does he contest Defendants' entitlement to sufficient information to

---

[Footnote continued from previous page]
purchased the goods if it were not for the misrepresentations. *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (citing *Trew v. Am. Honda Motor Co.*, 2007 WL 3054569, **5-6 (C.D. Cal. June 22, 2007), *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007)). Plaintiff's allegations in Paragraphs 14 and 15 of the FAC are simply conclusory allegations that had the omitted facts had been disclosed, they would have been material. This does not rise to the level of an allegation that had the facts been disclosed, Plaintiff would not have purchased the Kitec product.

prepare their defense. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In his Opposition, however, Plaintiff contends that Rule 9(b)'s requirements are less stringent for fraud by omission claims, and that he has met these less stringent requirements by alleging that Defendants did not disclose the defective nature of their Kitec piping system over a period of time. (Opp. at 8-10.) Yet, as noted above, Plaintiff does not even allege any of the basic circumstances surrounding his purchase of the Kitec piping system, such as when, where, and from whom he made this purchase, or how and when Defendants should have conveyed the allegedly concealed information.

As the Ipex Defendants demonstrated in their Motion, Plaintiff must allege, at the very least, "the ***who, what, when, where***, and ***how*** of the alleged misconduct." *Vess*, 317 F.3d at 1106 (emphases added). In a recent decision in the Northern District of California also involving claims of fraudulent concealment/nondisclosure, the court explained that although the plaintiffs adequately pled the nature of the allegedly concealed defect in their vehicles (the "*what*"), they failed to include any allegations to establish the "who," "where," "when," and "how" required by the Ninth Circuit's decision in *Vess*. *See Snyder v. Ford Motor Co.*, No. 06-0497, 2006 U.S. Dist. LEXIS 63646, at *9-10 (N.D. Cal. Aug. 24, 2006). Those plaintiffs, like Plaintiff here, "fail[ed] to plead any facts indicating the circumstances surrounding the acquisition of their respective vehicles," and, accordingly, the court concluded that their allegations were "wholly deficient." *Id.* at *9. As in this case, those plaintiffs "d[id] not allege, for example, from whom, where, and when they acquired such vehicles, nor do they allege how and when Ford should have conveyed to them the claimed concealed information." *Id.* at *10.

Plaintiff cites *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007), for the proposition that "Plaintiffs' fraud by omission claim will not be dismissed *purely* for failure to *precisely* state the time and place of the fraudulent conduct." *Id.* at 1099 (emphasis added). But *Falk* does not stand for the proposition that plaintiffs do not have to plead with particularity the circumstances surrounding the acquisition of the

7

allegedly defective product. Indeed, the plaintiffs in *Falk*, unlike the Plaintiff here or the plaintiffs in *Snyder*, pled facts indicating the circumstances surrounding the acquisition of their vehicles (including from whom, where, and when they acquired such vehicles) and how and when General Motors should have conveyed the concealed information. *Id.* at 1092.

Plaintiff is required to allege more than his simple and conclusory statement that Defendants failed to disclose the defective nature of their Kitec piping system. At a bare minimum, Plaintiff should provide the circumstances surrounding his purchase of the Kitec piping system and how and when Defendants should have conveyed the allegedly concealed information. Because he has not done so, Plaintiff's allegations are "wholly deficient," and the Court should dismiss the claim for fraud by omission consistent with *Vess* and *Snyder*.

## V. PLAINTIFF'S INJUNCTIVE RELIEF PRAYERS SHOULD BE STRICKEN

### A. Plaintiff's Request For An Order Requiring The Ipex Defendants To Advise Its Customers Of Its Alleged Failure To Disclose Serves No Purpose

Plaintiff requests a permanent injunction requiring Defendants to refrain from continued advertising of Kitec pipe and pipe fittings that omits material facts about Kitec performance. As Defendants stated in their Motion, such an injunction is moot because the Ipex Defendants have discontinued their Kitec product line. Notably, Plaintiff does not dispute the discontinuation of the Kitec product line.

Now, in his Opposition (i.e., not even in the FAC), Plaintiff for the first time requests this Court to order Defendants to advise their customers that it supposedly failed to disclose material information about its products. In support of this new proposed consumer warning, Plaintiff relies on *Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*, 4 Cal. App. 4th 963, 6 Cal. Rptr. 2d 193 (1992), which involved a dairy company's advertising of milk products that contained dangerous organisms. There, the court held that the trial court had the authority to order a warning on the milk products to remedy the past effects of the false advertising and deter similar false

advertising on the milk products in the future. *Id.* at 972-73. The court reasoned that "'[t]o allow consumers *to continue to buy the product* on the strength of the impression built up by prior advertising—and impression which is now known to be false—would be unfair and deceptive.'" *Id.* at 973 (citation omitted) (emphasis added).

The equitable reasons for an injunction that were cited by the court in *Consumers Union* simply are not present here. First, ordering Defendants to send advisory letters to its customers would not remedy any past effects of the allegedly false advertising. Unlike the dairy company in *Consumers Union* that continued to sell milk products to consumers that posed a significant public health hazard based on prior advertising, Defendants no longer manufacture or sell Kitec, and any allegedly false or misleading advertising still in the marketplace cannot possibly result in a customer purchasing Kitec.[2] Second, an injunction to prevent future misleading advertising of Kitec is pointless given that the product, as well as advertising of the product, has been discontinued. *See People v. Nat'l Ass'n of Realtors*, 120 Cal. App. 3d 459, 476, 174 Cal. Rptr. 728 (1981) ("Where the injunction is sought solely to prevent recurrence of proscribed conduct which has, in good faith, been discontinued, there is no equitable reason for an injunction.")

**B. Plaintiff Provides No Legal Support For An Injunction Requiring Defendants To Repair And/Or Replace The Allegedly Defective Product**

Rather than cite a single authority for the extraordinary affirmative injunction he seeks, Plaintiff resorts to general proclamations about the court's "broad equitable powers" to remedy deceptive conduct under the UCL and CLRA. (Opp. at 12-13.) But the two cases cited by Plaintiff actually lend no support for his request for an affirmative

---

[2] Plaintiff also cites *Dukes v. Wal-Mart*, 509 F.3d 1168 (9th Cir. 2007), to underscore the importance of injunctive relief in the class action setting. But the putative class, as defined by Plaintiff, is limited to individuals who own structures where Kitec plumbing is already installed or who already paid to replace Kitec plumbing. Plaintiff fails to explain how its requested injunctive relief would remedy the past effects of Defendants' advertising as to the putative class members if the Kitec plumbing has already been installed or removed.

injunction requiring the Ipex Defendants to repair and/or replace all Kitec product. *See Fletcher v. Security Pacific Nat'l Bank*, 23 Cal. 3d 442, 450, 153 Cal. Rptr 28, 33 (1979) (finding that UCL allowed restitution of improperly obtained monies); *Friedman v. 24 Hour Fitness*, 580 F. Supp. 2d 985, 995 (N.D. Cal. 2008) (holding that CLRA allowed injunction against *future* deceptive representations to consumers) (emphasis added). Indeed, the *Freedman* case states that "'the benefits of granting injunctive relief by and large [accrue] to the general public in danger of being victimized by the same deceptive practices as the plaintiff suffered.'" *Friedman*, 580 F. Supp. at 995 (quoting *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 1080, 90 Cal. Rptr. 2d 334 (1999)). Plaintiff fails to explain how an affirmative injunction requiring the Ipex Defendants to replace and/or repair all Kitec product for the putative class will prevent *future* allegedly fraudulent Kitec advertising, particularly since the Kitec product has been discontinued.

## VI. PLAINTIFF IS NOT ENTITLED TO RESTITUTION OR NONRESTITUTIONARY DISGORGEMENT

Defendants requested that Plaintiff's prayer for "restitution" be stricken for two reasons: (1) Plaintiff failed to plead adequate facts to support a claim for restitution under the UCL, and (2) Plaintiff's prayer for relief not only sought restitution, but nonrestitutionary disgorgement as well. Plaintiff's Opposition fails to address the first of these points, and misconstrues the second.

First, in order to obtain restitution under the UCL, a plaintiff must plead and prove that: (1) an identifiable sum of money or property (2) is in the possession of the defendant that (3) was acquired from the plaintiff (4) *by means of* (5) acts of unfair competition. Cal. Bus. & Prof. Code §§ 17203, 17535; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146, 131 Cal. Rptr. 2d 29 (2003). Nowhere in his FAC does Plaintiff allege any facts that he paid money to Defendants; nor does Plaintiff allege any connection between the manner in which he obtained his Kitec product and the purported misleading advertisement. Lacking such information, Plaintiff has failed to

10

adequately plead any need for Defendants to "restore" him. His prayer for restitution therefore should be stricken.

Second, as stated in his FAC, Plaintiff purports to seek "a declaration that Defendants must disgorge *all or part of their ill-gotten profits* received from the sale of defective Product." FAC, Prayer ¶ 4 (emphasis added). Accordingly, Plaintiff alleges that he has an interest in all profits derived from Kitec, regardless of a connection to any payments made by Plaintiff or the putative class. As Defendants noted in their Motion, such nonrestitutionary disgorgement of profits unrelated to the purchase is unavailable under the UCL as a matter of law in an individual or class action. *See Korea Supply Co.*, 29 Cal. 4th at 1148 (holding that a plaintiff under the UCL is only entitled to "recover profits unfairly obtained to the extent that these profits represent monies given to the defendant [by plaintiff] or benefits in which the plaintiff has an ownership interest"); *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 460-61, 30 Cal. Rptr. 3d 210 (2008) ("*[N]onrestitutionary* disgorgement is not an available remedy in a UCL class action."). Plaintiff's claim to all profits from Kitec product constitutes nonrestitutionary disgorgement because it is unconnected to any payments made *by* Plaintiff or the putative class.

Rather than address the two arguments above, Plaintiff concludes that the sums of money sought are restitutionary in nature, relying on the Eastern District's decision in *Trew v. Volvo Cars of Am.*, No. 05-1379, 2006 U.S. Dist. LEXIS 4890 (E.D. Cal. Feb. 7, 2006). The very facts and legal premise of *Trew*, however, distinguish it from this case. In *Trew*, the plaintiffs sought profits from Volvo related to the repair and replacement of electronic throttle modules ("ETMs") installed in their cars. 2006 U.S. Dist. LEXIS 4890, at *7. However, they were not seeking profits related to the sale of the Volvo automobiles themselves or profits garnered by Volvo related to the faulty ETMs. It was only "if Volvo profited from class members who replace defective ETMs by purchasing new ones, then plaintiffs could recover *that* money from Volvo under a theory of restitution." *Id.* at *9 (emphasis added). Accordingly, in *Trew*, only the replacement

11

profits obtained by Volvo from the class was recoverable. Plaintiff's FAC, by contrast, asks for the disgorgement of profits generally from the sale of Kitec plumbing without relation to any payments by Plaintiff or the putative class. Such a broad form recovery was not discussed in *Trew*, and Plaintiff points to no cases allowing such nonrestitutionary disgorgement.

Plaintiff also cites to *Shersher v. Superior Court*, 154 Cal. App. 4th 1491, 1498, 65 Cal. Rptr. 3d 634 (2007). But *Shersher* confirms the rule of permitting only restitutionary recovery. The court stated, "[n]othing in the language of *Korea Supply* suggests that the Supreme Court intended to preclude consumers from seeking the return of money *they paid* for a product that turned out to be not as represented." *Id.* at 1498 (emphasis added). Accordingly, the court allowed the plaintiffs to seek the return of the money that *they paid* as a class that resulted in the profit for the defendants. The plaintiffs in *Shersher*, unlike the Plaintiff here, were not requesting all the profits of the company to be disgorged. Accordingly, this Court should strike Plaintiff's prayer for nonrestitutionary disgorgement.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's FAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 9(b) for failure to state fraud allegations with particularity. Alternatively, this Court should strike the prayers for remedies that are unavailable to Plaintiff as a matter of law.

DATED: February 2, 2009        GIBSON, DUNN & CRUTCHER LLP

By: _____
Kevin S. Rosen

Attorneys for Defendants
IPEX INC. and IPEX USA LLC

100594082_1.DOC

12

# CERTIFICATE OF SERVICE

I, Judy Levine, declare as follows:

I am employed in Los Angeles, California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071. On February 2, 2009, I served the following documents:

**REPLY BRIEF BY DEFENDANTS IPEX INC. AND IPEX USA LLC IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b), OR IN THE ALTERNATIVE, TO STRIKE THE COMPLAINT PURSUANT TO FED. R. CIV. P 12(f)**

to the person named below at the address shown:

| | |
|---|---|
| Charles E. Merrill, Esq.<br>Jeffrey B. Cereghino, Esq.<br>Martin L. Greenman, Esq.<br>Merrill, Nomura & Molineux, LLP<br>350 Rose Street<br>Danville, California 94526 | Attorneys for Plaintiff Larry Ward |
| David M. Birka-White, Esq.<br>Stephen Oroza, Esq.<br>The Birka-White Law Offices<br>744 Montgomery Street, Fourth Floor<br>San Francisco, California 94111 | Attorneys for Plaintiff Larry Ward |
| Michael Francis Ram, Esq.<br>Levy, Ram & Olson, LLP<br>639 Front Street, 4th Floor<br>San Francisco, California 94111-1913 | Attorneys for Plaintiff Larry Ward |
| Dan Rottinghaus, Esq.<br>Berding & Weil<br>3240 Stone Valley Road West<br>Alamo, California 94507 | Attorneys for Plaintiff Larry Ward |
| Marc H. Edelson<br>Edelson & Associates, LLC<br>45 W. Court Street<br>Doylestown, PA 18901 | Attorneys for Plaintiff Larry Ward |

☑ **BY OVERNIGHT MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by overnight mail. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to the overnight mail service with a fully completed airbill, under which all delivery charges are paid by Gibson, Dunn & Crutcher LLP, that same day in the ordinary course of business.

☑ I am employed in the office of Kevin S. Rosen, a member of the bar of this court, and that the foregoing document was printed on recycled paper.

☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 2, 2009    _____
                                        Judy Levine